UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ES IT SOLUTIONS LLC d/b/a ZAELAB, § § *Plaintiff*, § § V. § § FUSION CONSULTING, INC., § § *Defendant*. § | Case No. 3:21-CV-02435-G |

### PLAINTIFF'S AMENDED COMPLAINT

The Plaintiff, ES IT SOLUTIONS LLC d/b/a ZAELAB, by its attorneys, Padfield & Stout, LLP, and J. Robbin Law, PLLC (*Pro Hac Vice* Application Pending) complains of the Defendant, FUSION CONSULTING, INC., and, upon information and belief, alleges as follows:

### THE PARTIES

1. Plaintiff, ES IT Solutions LLC d/b/a Zaelab ("Zaelab" or "Plaintiff") is a duly organized New York State limited liability company with its principal offices located at 55 Post Road West, 2nd Floor, Westport, Connecticut 06880. Plaintiff's sole member is Evan Klein, who is a resident of the State of Connecticut.

2. Defendant, Fusion Consulting, Inc. ("Fusion" or "Defendant"), at all times hereinafter mentioned, was and still is a Texas corporation with its principal offices located at 5215 N. O'Connor Boulevard, Suite 650, Irving, Texas 75039. Fusion may be served with appropriate process by and through its registered agent, Vishwa Karthik at 1505 LBJ Freeway, Suite 450, Farmers Branch, Texas 75234, or wherever he may be found.

**NATURE OF THE ACTION**

3. The purpose of the current action is to obtain monies owed by Defendant for referrals and sales made by Plaintiff to Defendant pursuant to their Agreement.

4. This is an action for breach of contract, unjust enrichment, and promissory estoppel for the funds owed by Defendant to Plaintiff pursuant to their Agreement.

**JURISDICTION AND VENUE**

5. This action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00. Therefore, the jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

6. Venue is deemed proper in this District pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this Court, namely, that the Agreement entered into between Plaintiff and Defendant mandates that an action be commenced within the District Court of Texas. In addition, Defendant is located in this District.

**GENERAL ALLEGATIONS**

7. Plaintiff is a B2B eCommerce Consulting Firm focused on an eCommerce platform known as Hybris. Plaintiff is in the business of designing, marketing and selling a full range of managed and integrated solutions featuring Hybris products to organizations both nationally and internationally. The managed and integrated solutions shall be referred to herein as the "Hybris Services."

8. Defendant is a Business Intelligence and Analytics firm that focuses on System Analysis Program ("SAP") Business Intelligence solutions, among other solutions. Defendant is in the business of designing, marketing and selling a full range of managed solutions featuring

SAP products to organizations both nationally and internationally. The managed solutions shall be referred to herein to as the "SAP Services."

9. Plaintiff and Defendant have a long-standing business partnership for software and implementation services for Hybris opportunities.

## A. The Partnership and Agreement

10. In 2013, SAP acquired Hybris to expand their eCommerce offerings.

11. On April 15, 2015, Defendant contacted Plaintiff to discuss a potential partnership opportunity between SAP, Plaintiff, and Defendant.

12. Specifically, Defendant desired to: (1) allow Plaintiff to participate in the sale of SAP Services to Plaintiff's customers; and (2) provide Plaintiff with access to Defendant's customers and resources as a SAP Gold Partner.

13. In addition, Plaintiff, in turn, desired to: (1) allow Defendant to participate in the sale of Hybris Services to Defendant's customers; and (2) provide Defendant with access to Plaintiff's customers and Hybris resources as a Hybris Partner.

14. On May 4, 2015, SAP, Plaintiff, and Defendant met at the annual SAP Sapphire Conference in Orlando, Florida to discuss a potential business partnership.

15. After several rounds of negotiations, Plaintiff and Defendant agreed to enter a referral relationship, under which Plaintiff and Defendant would refer potential clients to one another in exchange for a "Referral Fee."

16. Plaintiff and Defendant memorialized their agreement in a Mutual Services Agreement ("Agreement").

17. The Agreement contained the following key elements:

    a. Defendant would be responsible for referring Hybris opportunities to Plaintiff.

    b. Plaintiff would be responsible for software and implementation services related to those Hybris opportunities.

    c. Plaintiff could utilize the partnership with Defendant to process software resale to Plaintiff's clients.

    d. Plaintiff and Defendant agreed upon a financially beneficial framework for their contributions related to the agreement.

18. The Agreement defined a "Referral" as a reasonably qualified and bona fide potential client or customer for either Plaintiff or Defendant, who had not previously communicated with that potential client or customer, for which the other Party is directly responsible for soliciting and referring to the first Party, in writing or by email.

19. The Agreement also set forth the fee schedule, as follows:

    a. Defendant shall pay Plaintiff 12% of all profits derived from any potential opportunity for the implementation of SAP BI services referred by Plaintiff.

    b. Plaintiff shall earn a percentage of the profits Defendant earns on any potential opportunity for the sale of SAP software that Plaintiff refers, subject to following sliding scale:
        i. 60% of first $1 million of profit earned;
        ii. 65% of next $1.5 million of profit earned (between $1 million and $2.5 million of profit);
        iii. 70% of next $2.5 million of profit (between $2.5 million and $5 million of profit); and
        iv. 75% above and beyond $5 million of profit.

## B.     Breach of the Agreement

20. Pursuant to the terms of the Agreement, Defendant was to make payments to Plaintiff for profits earned under the fee schedule. Specifically, Defendant was to pay Plaintiff a commission of 60% of first $1 million of profit earned.

21. Defendant has tendered payments to Plaintiff pursuant to the fee schedule in the Agreement on a consistent basis since 2016.

22. However, on or about July 2021, Plaintiff became aware that Defendant had received funds, but failed to pay Plaintiff.

23. Specifically, Defendant profited from Plaintiff in SAP Sales in the amount of $369,621.00 between March 4, 2020 and May 20, 2021.

24. Pursuant to the Agreement, of that $369,621.00, Defendant was to pay Plaintiff 60% commission.

25. The 60% commission owed to Plaintiff for these SAP Sales totaled $263,849.66.

26. Defendant has made a partial payment under this owed amount, but Defendant still owes Plaintiff $221,772.60 under the Agreement.

27. As a result, Defendant is in breach of the Agreement.

28. Plaintiff has made demands for payment, but Defendant has not tendered payment to Plaintiff of $221,772.60.

## AS AND FOR A FIRST CAUSE OF ACTION

### (Breach of the Contract)

29. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the foregoing Paragraphs of the Complaint with the same force and effect as if more specifically set forth herein.

30. Plaintiff entered into a referral Agreement with Defendant.

31. Defendant had a duty to follow the plain terms of the Agreement and make all required payments under the fee schedule set forth in the Agreement.

32. Defendant intentionally failed to fulfill its contractual duties by failing to pay Plaintiff the monies owed under the Agreement. This failure to make the payments is a breach of the Agreement.

33. As a result of the breach, Plaintiff has suffered damages in the amount of Two Hundred Twenty-One Thousand Seven Hundred Seventy-Two Dollars And Sixty Cents ($221,772.60), plus statutory interest, the amount Plaintiff is owed under the Agreement.

## AS AND FOR A SECOND CAUSE OF ACTION

### (Unjust Enrichment)

34. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the foregoing Paragraphs of the Complaint with the same force and effect as if more specifically set forth herein.

35. Regardless of the enforceability of the Agreement, Plaintiff under a mutual understanding and agreement with Defendant referred Defendant SAP software sales for Defendant's direct benefit.

36. The Parties had an understanding and agreement that Defendant would compensate Plaintiff for Plaintiff's work in obtaining these referrals.

37. Defendant failed to compensate Plaintiff for the referrals by not paying Plaintiff the 60% commission, as outlined in the Agreement.

38. Defendant's enrichment was at Plaintiff's expense.

39. As a result, Plaintiff has suffered damages and it would be against equity and good conscience to permit Defendant to retain the amount of Two Hundred Twenty-One Thousand Seven Hundred Seventy-Two Dollars And Sixty Cents ($221,772.60), plus statutory interest.

## AS AND FOR A THIRD CAUSE OF ACTION

### (Promissory Estoppel)

40. Plaintiff repeats and realleges paragraphs above as if set forth fully herein.

41. Defendant made a clear and unambiguous promise to pay Plaintiff a 60% commission fee owed under the Agreement.

42. Plaintiff reasonably relied on this promise to its detriment, as it was not paid the amount owed by Defendant.

43. As a result, of Defendants promises Plaintiff has suffered damages and it would be against equity and good conscience to permit Defendant to retain the amount of Two Hundred Twenty-One Thousand Seven Hundred Seventy-Two Dollars And Sixty Cents ($221,772.60), plus statutory interest.

## AS AND FOR A FOURTH CAUSE OF ACTION

### (Attorney's Fees)

44. Plaintiff repeats and realleges paragraphs above as if set forth fully herein.

45. Upon Defendant's failure to pay the balance owing on the Agreement, Plaintiff placed the aforementioned indebtedness in the hands of the undersigned attorney for enforcement, and has agreed to pay said attorney reasonable attorneys' fees for their services for which Defendants have become liable by virtue of TEX. CIV. PRAC. & REM. CODE § 38.001 *et seq*

**WHEREFORE**, Plaintiff demands judgment:

1. An award of $221,772.60 in monetary damages, plus pre-judgment and post-judgment interest accruing at the statutory rate to be determined by the Court; and

2. An award of costs, disbursements, and reasonable attorney's fees associated with this action; and

3. Any other relief the Court deems just and proper.

Respectfully submitted,

**PADFIELD & STOUT, L.L.P.**


/s/ Matthew D. Giadrosich
Mark W. Stout
State Bar I.D. #24008096
mstout@padfieldstout.com
Matthew D. Giadrosich
State Bar I.D. #24074274
mdg@padfieldstout.com

420 Throckmorton Street, Suite 1210
Fort Worth, Texas 76102
817-338-1616 phone
817-338-1610 fax

*Attorneys for Plaintiff*


**J. ROBBIN LAW PLLC**


/s/ Jonathan M. Robbin
Jonathan M. Robbin, Esq.
New York State Bar I.D. # JR1582
Jonathan.robbin@jrobbinlaw.com

200 Business Park Drive, Suite 103
Armonk, NY 10504
(914) 685-5016

*Attorneys for Plaintiff*
*(Pro Hac Pending)*