**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| ES IT SOLUTIONS LLC d/b/a ZAELAB, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-CV-2435-BH |
| | § | |
| FUSION CONSULTING, INC., | § | |
| Defendant. | § | Consent Case[1] |

**SCHEDULING ORDER**

Based on Fed. R. Civ. P. 16(b) and 26(f), the court's Civil Justice Expense and Delay

Reduction Plan (Misc. Order No. 46), and the local civil rules, and after having considered any

proposals submitted by the parties, the court enters this scheduling order.

**I.  PRETRIAL DEADLINES**

**A.  Joinder of Parties**

All motions for leave to join parties must be filed no later than **July 5, 2022**.

**B.  Amendment of Pleadings**

All motions for leave to amend pleadings must be filed no later than **July 5, 2022**.

**C.  Discovery and Discovery Motions**

All discovery shall be initiated in time to be **completed** by **October 3, 2022**. Any motions
to compel discovery must be filed no later than **August 29, 2022**, in order to allow sufficient time
for determination prior to the expiration of the discovery period.

**D.  Expert Witnesses**

Any party who bears the burden of proof on an issue shall designate its expert witnesses and
provide expert reports to the other party no later than **July 25, 2022**.

---

[1]By order filed January 13, 2022, this matter has been transferred for the conduct of all further proceedings and the
entry of judgment.

Any party without the burden of proof on an issue shall designate its responsive expert witness and provide expert reports to the other party no later than **August 24, 2022**.

Rebuttal experts must be designated within twenty (20) days of the disclosure of a responsive expert.

Objections to expert witnesses under *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), shall be filed no later than **November 28, 2022**. Objections not filed shall be deemed waived. Responses to the objections shall be filed no later than **December 12, 2022**.

**E.   Mediation**

No later than **October 17, 2022**, the parties are to engage in mediation.[2] A party with full settlement authority up to the limits of the opposing party's demand must be present throughout the discussions.

**F.   Joint Estimate of Trial Length and Status Report**

The parties must file a joint estimate of trial length and joint status report concerning the progress of settlement negotiations no later than **October 24, 2022**.

**G.   Dispositive Motions**

No later than **October 31, 2022**, all dispositive motions shall be filed.

**H.   Motions Not Otherwise Covered**

A party must file a motion not otherwise covered by this order no later than **October 31, 2022**.

## II.  TRIAL DEADLINES

**A.   Trial**

This case is set for trial on **February 27, 2023**. This is a special setting and will not be reset absent good cause.

**B.   Exchange of Proposed Pretrial Disclosures and Conference**

No later than **January 23, 2023**, the parties shall exchange (but shall not file with the Court)

---

[2]If the parties participate in mediation they may choose their mediator. If the parties cannot agree on a mediator, they must notify the Court and the Court will choose one.

their pretrial disclosure of witnesses and exhibits pursuant to Fed.R.Civ.P. 26(a)(3). The parties shall also exchange a complete set of marked exhibits.

No later than **January 30, 2023**, the parties shall meet face-to-face to confer regarding their proposed pretrial disclosures. The face-to-face requirement is not satisfied by a telephonic conference. At the face-to-face conference, the parties shall confer regarding their objections to the opposing party's disclosures. To the extent that both sides have listed and marked the same documents as exhibits, each of those exhibits shall be designated and re-marked as a "Joint Exhibit".

## C.    Filing of Final Pretrial Disclosures

The parties shall file their final Fed.R.Civ.P. 26(a)(3) pretrial disclosures no later than **February 6, 2023**.[3] Plaintiff's attorney shall be responsible for filing a list of joint exhibits, if any. The parties shall also provide the Court with a complete set of their marked exhibits (excluding joint exhibits), and Plaintiff's attorney shall be responsible for providing the Court with a complete set of marked joint exhibits. The parties shall also provide the Court with a list of exhibits to which no objection was made at the face-to-face conference. Joint exhibits and exhibits to which no objection was made will be pre-admitted at the pre-trial conference.

## D.    Objections

No later than **February 6, 2023**, the parties shall also file with the Court: (i) any objections under Rule 32(a) to the use of a deposition designated by any other party under Rule 26(a)(3)(B), and (ii) any objection, together with the grounds therefore, that may be made to the admissibility of materials identified under Rule 26(a)(3)(C) or to witnesses under Rules 26(a)(2)(A) and 26(a)(3)(A). **Objections not disclosed shall be deemed waived**. Responses to objections, if any, must be filed no later than **February 13, 2023**. When a jury trial has been requested, objections will be heard by the court at the pretrial conference. In the case of a bench trial, any objections will be addressed during the course of the trial.

## E.    Motions in Limine

In jury cases, the parties shall file any motions in limine no later than **February 6, 2023**. Responses to motions in limine, if any, must be filed no later than **February 13, 2023**.

## F.    Pretrial Materials

By **February 13, 2023**, the following pretrial materials shall be filed in jury cases:

---

[3]Final pretrial disclosures should not differ from the initial pretrial disclosures exchanged earlier, except that they may omit previously designated materials and/or joint exhibits; they must not include new materials. Also, final pretrial disclosures may not be supplemented or amended beyond this deadline without leave of court, and parties must confer with the opposing party prior to seeking such leave.

(a)     The requested jury instructions (annotated).[4]

(b)     Proposed voir dire questions (to be asked by the Court).  The parties will be permitted to address the jury panel for a limited time during the voir dire portion of the trial.

(c)     any proposed jury questionnaire with a certificate of conference indicating whether opposing counsel objects to all or part of the questionnaire.

By **February 13, 2023**, a proposed joint pretrial order shall also be submitted by Plaintiff's attorney that covers each of the matters listed in Local Rule 16.4.  The statement of stipulated facts should include those facts agreed to by the parties.  If an attorney for either party does not participate in the preparation of the joint pretrial order, the opposing attorney shall file a separate pretrial order with an explanation of why the joint order was not submitted.  *See* Fed.R.Civ.P. 16(f).  When the joint pretrial order is approved by the Court, it will control all subsequent proceedings in the case.

**In addition to filing or submitting the foregoing items in accordance with this Court's Electronic Case Filing system, the parties shall also forward electronic copies in either WordPerfect or Word format to the Court at ramirez_orders@txnd.uscourts.gov.**

**G.      Pretrial Conference**

A final pretrial conference is set for **Friday, February 24, 2023**, **at 10:00 A.M.**  Each party shall be represented by at least one attorney who will conduct the trial and who has the authority to enter into stipulations and admissions that would facilitate the admission of evidence and reduce the time and expenses of trial.  Fed.R.Civ.P. 16(d).  The pretrial conference will be conducted in U.S. Magistrate Judge Ramirez's courtroom, Room 1566.  **All parties must confirm their attendance at least two days prior to the hearing by contacting Courtroom Deputy Marie Gonzales at Marie_Gonzales@txnd.uscourts.gov.**

**H.      Post-Trial Materials**

In non-jury cases, the parties shall submit post-trial proposed findings of fact and conclusions of law.  The proposed findings of fact shall contain **citations to the trial transcript**.  The parties shall jointly order a copy of the trial transcript, and each side shall pay for one-half of the cost of the transcript.  The conclusions of law **must contain citations to relevant case law or authorities which set forth the elements** of each claim and/or defense upon which the party bears the burden of proof.  The parties' proposed findings of fact and conclusions of law shall be filed **no later than**

---

[4]"Annotated" means that each proposed instruction or conclusion of law shall be accompanied by citation to statutory or case authority (and/or pattern instructions).  It is not sufficient to submit a proposed instruction or conclusion of law without citation to supporting authority.  Because Fifth Circuit and Supreme Court cases are the only precedent binding on this Court, the parties should -- to the extent possible -- rely on these sources (and/or Fifth Circuit pattern instructions in proposing jury instructions).

**5:00 p.m. on the fourteenth day** after the date the transcript of the trial is filed of record in this case.  The parties shall also forward an electronic copy of their proposed findings of fact and conclusions of law in word or wordperfect format to the Court at ramirez_orders@txnd.uscourts.gov.

Any questions regarding this order may be directed to Courtroom Deputy Marie Gonzales at **214-753-2167**.

**SO ORDERED**, on this 18th day of January, 2022.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE